# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| MICHELE DEVORA-McNABB,<br><br>Plaintiff,<br><br>v.<br><br>BNSF RAILWAY COMPANY,<br>a Delaware corporation<br><br>Defendant. | Case No. _____<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Michele Devora-McNabb, ("Plaintiff"), by and through her undersigned counsel, and for her causes of action against Defendant BNSF Railway Company ("Defendant"), a Delaware corporation, hereby states and alleges as follows:

### I.   PARTIES & JURISDICTION

1. That at all material times, Plaintiff was and is a resident of the state of Washington.

2. That at all material times, Defendant was and is a corporation duly organized and existing under the laws of the state of Delaware, and was operating a system of railroad tracks in the state of Washington and other states, and that said system included lines of track in the district where this action is filed.

PLAINTIFF'S COMPLAINT
FOR DAMAGES - Page 1

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

3. That at all times material herein, Defendant was an interstate carrier by rail and was engaged in interstate, foreign, and/or intrastate transportation and commerce; that Plaintiff was employed by Defendant as a conductor, and as such was working and engaged in interstate transportation and commerce at the times hereinafter set forth, and at such times was working in the furtherance of Defendant's interstate commerce, and in work which directly, closely, and substantially affected the general interstate commerce carried on by said Defendant as a railroad common carrier of freight for hire.

4. That this Court has jurisdiction pursuant to 28 U.S.C. §1331.

5. That this action is timely commenced within the applicable statute of limitation or the meaning of 45 U.S.C. §56.

## II. COUNT ONE: FELA NEGLIGENCE

6. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 5 of this Complaint as though fully set forth herein.

7. That on May 23, 2021, Plaintiff was employed by Defendant as a conductor and performing switching maneuvers at or about the Petro Gas/Conoco facilities which are located approximately near MP 8.8 on the Cherry Point Subdivision.

8. That on May 23, 2021 at approximately 0400 hours, Defendant lost control of the train which contained multiple loads of highly flammable and dangerous commodities, including butane and propane.

9. That in response to this emergency situation posed by the uncontrolled train, Plaintiff attempted to access and activate the emergency handle on the caboose to try and stop the train from crashing into the gate and exploding.

10. That while so engaged, Plaintiff was suddenly and unexpectedly crushed between the side of the moving train and the Conoco facility's fence.

11. That Plaintiff sustained multiple injuries requiring immediate evacuation and emergency hospitalization.

PLAINTIFF'S COMPLAINT
FOR DAMAGES - Page 2

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

12. That the injuries and damages suffered by Plaintiff as a result of the incident on May 23, 2021, were caused, in whole or in part, by the negligence of Defendant, its agents, employees and/or officers, and in violation of 45 U.S.C. § 51 *et seq.*, including, but not limited to:

a. Failing to provide Plaintiff with reasonably safe work conditions;

b. Negligently creating and/or permitting unreasonably dangerous and hazardous conditions to exist on its tracks;

c. Failing and neglecting to properly inspect, maintain, identify, and/or remedy unreasonably dangerous conditions which existed in Defendant's equipment and tracks;

d. Failing and neglecting to adequately warn Plaintiff of unreasonably dangerous and hazardous conditions which existed on Defendant's tracks; and

e. Other acts of negligence.

13. That due, in whole or in part, to Defendant's negligence under the FELA, Plaintiff sustained severe and permanent injuries including, but not limited to, injuries to her ribs, lung, shoulder, kidney, spine, and the bones, muscles, tissues, nerves, ligaments and internal parts thereof, as well as psychological trauma; and Plaintiff has suffered in the past, and will continue to suffer pain and anguish and loss of enjoyment of life, and that she was otherwise injured and disabled.

14. That in an effort to treat, heal, and relieve her injuries, Plaintiff has spent, and will continue to spend, monies for medical and related care and treatment in amounts to be proven at trial.

15. That as a direct result, in whole or in part, of Defendant's negligence under the FELA, Plaintiff has lost wages in the past, will continue to lose wages in the future, and will sustain a permanent diminution of earning capacity and loss of fringe benefits in amounts to be proven by the evidence at the trial of this matter.

PLAINTIFF'S COMPLAINT
FOR DAMAGES - Page 3

ROSSI VUCINOVICH P.C.
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

### III.   COUNT TWO: SAA – STRICT LIABILITY

16. That Plaintiff repeats and incorporates by reference herein, all the foregoing paragraphs as if fully set forth in detail herein.

17. That the injuries sustained by Plaintiff and the resulting damages came about as a direct result, in whole or in part, of Defendant's violation of 49 U.S.C. §§ 20301 - 20306, commonly known as the Federal Safety Appliance Act (SAA), thereby implicating the provisions of 45 U.S.C. § 53.

18. That violation of the SAA gives rise to a strict liability/negligence per se cause of action under the FELA.

19. That as a direct result, in whole or in part, of Defendant's violation of the SAA, Plaintiff sustained severe injuries and damages as set forth above.

### IV.   COUNT THREE: LIA – STRICT LIABILITY

20. That Plaintiff repeats and incorporates by reference herein, all the foregoing paragraphs as if fully set forth in detail herein.

21. That the injuries sustained by Plaintiff and the resulting damages came about as a direct result, in whole or in part, of Defendant's violation of 49 U.S.C. §§ 20701 - 20703, commonly known as the Federal Locomotive Inspection Act (LIA), thereby implicating the provisions of 45 U.S.C. § 53.

22. That violation of the LIA gives rise to a strict liability/negligence per se cause of action under the FELA.

23. That as a direct result, in whole or in part, of Defendant's violation of the LIA, Plaintiff sustained severe injuries and damages as set forth above.

### V.     COUNT FOUR: CODE OF FEDERAL REGULATIONS - STRICT LIABILITY

24.     That Plaintiff repeats and incorporates by reference herein, all the foregoing paragraphs as if fully set forth in detail herein.

25.     That the injuries sustained by Plaintiff and the resulting damages were caused, in whole or in part, by the Defendant's direct violation of applicable sections of the Code of Federal Regulations (C.F.R.), including but not limited to 49 C.F.R. Part 220, and that the violation of said regulations implicates the provisions of 45 U.S.C. §§ 53 and 54a.

26.     That violation of said Federal Regulations gives rise to a strict liability/negligence per se cause of action under the FELA.

27.     That as a direct result, in whole or in part, of Defendant's violation of Federal Regulations, Plaintiff sustained severe injuries and damages as set forth above.

### VI.     REQUEST FOR RELIEF

**THEREFORE,** Plaintiff respectfully requests that judgment be entered against the above-named Defendant for special and general damages in an amount established by the evidence, together with all costs and disbursements, and other relief the court may deem appropriate.

Dated: June 29, 2021

**ROSSI VUCINOVICH PC**

By: *s/ James K. Vucinovich*
James K. Vucinovich, WSBA No. 29199
ATTORNEY FOR PLAINTIFF

PLAINTIFF'S COMPLAINT
FOR DAMAGES - Page 5

**ROSSI VUCINOVICH** P.C.
1000 Second Avenue, Suite 1780
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004