UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHELE DEVORA-MCNABB,

    Plaintiff,

v.

BNSF RAILWAY COMPANY,

    Defendant.

CASE NO. 2:21-CV-880-JLR-DWC

ORDER ON MOTION TO DISMISS AND MOTION FOR PROTECTIVE ORDER

The District Court referred this action to United States Magistrate Judge David W. Christel. Dkt. 10. Presently before the Court is Defendant BNSF Railway Company's Motion to Dismiss (Dkt. 9) and Plaintiff Michele Devora-McNabb's Motion for Protective Order (Dkt. 15). After consideration of the relevant record, the Court grants Plaintiff leave to file the proposed amended complaint, denies the Motion to Dismiss (Dkt. 9) without prejudice and with leave to re-file, and denies the Motion for Protective Order (Dkt. 15).[1]

---

[1] As the Court is denying the Motion to Dismiss without prejudice and with leave to re-file, the Court finds this matter is non-dispositive. Therefore, in the interest of judicial efficiency, the Court enters an order denying the Motion to Dismiss.

## I. Background

In the Complaint, Plaintiff alleges she was employed by Defendant on May 23, 2021. Dkt. 1. Plaintiff contends, on that date, Defendant lost control of a train that contained highly flammable and dangerous commodities. *Id*. Plaintiff attempted to stop the train from crashing and was crushed between the side of the train and a fence. *Id*. As a result of the incident, Plaintiff alleges she suffered debilitating injuries. *Id*. She asserts Defendant is negligent and strictly liable under the Federal Safety Appliance Act ("SAA"), the Federal Locomotive Inspection Act ("LIA"), and sections of the Code of Federal Regulations ("C.F.R.").

## II. Motion to Dismiss (Dkt. 9)

Defendant filed the pending partial Motion to Dismiss on July 23, 2021, seeking dismissal of the three strict liability claims. Dkt. 9. Defendant asserts Plaintiff has provided threadbare recitals of the SAA, the LIA, and the C.F.R claims. *Id*. On August 30, 2021, Plaintiff filed a Response requesting the Motion to Dismiss be denied or, in the alternative, Plaintiff be given leave to amend. Dkt. 17. Plaintiff attached a proposed amended complaint to her Response. Dkt. 17-1. Defendant filed a Reply on September 9, 2021. Dkt. 22. In the Reply, Defendant acknowledged that Plaintiff will be given leave to amend under the circumstances of this case. *Id*. at p. 4. Defendant, however, declined to take a position regarding whether the proposed amended complaint was sufficient to state a claim.

The Court has reviewed the Complaint and finds Plaintiff has failed to allege facts sufficient to show claims exist under the SAA, the LIA, and the C.F.R. *See* Dkt. 1. However, Plaintiff provided the Court with a proposed amended complaint. *See* Dkt. 17-1. While Plaintiff should have separately moved for leave to amend, Defendant has responded to Plaintiff's request to amend, stating that leave to amend "will be given" under the circumstances. Dkt. 22, p. 4.

Rather than grant the Motion to Dismiss and give Plaintiff leave to file an amended complaint, the Court finds the interests of justice and judicial efficiency warrant granting Plaintiff leave to file the proposed amended complaint at this time. The Court, however, directs the parties to comply with the Local and Federal Rules of Civil Procedure for all future filings.

An amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The original complaint is "treated thereafter as non-existent." *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). As the Motion to Dismiss attacks the original Complaint, the Motion to Dismiss will be moot with the filing of the Amended Complaint. Accordingly, the Motion to Dismiss (Dkt. 9) is denied without prejudice with the right to re-file a motion to dismiss as to the Amended Complaint. *See e.g. Farkas v. Gedney*, 2014 WL 5782788, *3 (D. Nev. Nov. 6, 2014) ("[B]ecause granting [plaintiff's] motion for leave to amend will alter the scope of defendants' now-filed motion for summary judgment, defendants' motion for summary judgment is denied without prejudice, subject to re-filing based on the scope of the soon-to-be amended complaint.").

### III.     Motion for Protective Order (Dkt. 15)[2]

Plaintiff moves for a protective order, seeking a Court order to prohibit Defendant from deposing Plaintiff on August 25, 2021. Dkt. 15.[3] Defendant has requested the ability to conduct an hour long deposition, by video, to obtain Plaintiff's recollection of the events giving rise to this lawsuit. Dkt. 18.[4] Plaintiff states she is not physically or mentally capable of sitting for a

---

[2] Plaintiff requested oral argument. Dkt. 15 (caption). The Court has reviewed the relevant record and finds the Motion can be decided without oral argument; therefore, Plaintiff's request for oral argument is denied.
[3] The Court notes Plaintiff filed the Motion for Protective Order on August 20, 2021, three business days before the deposition. Dkt. 15. The Motion was not noted for the Court's consideration until September 3, 2021. *Id*.
[4] Defendant has agreed to postpone the full deposition until a later date. Dkt. 8.

deposition and asserts postponing the deposition at this early stage of litigation is appropriate. Dkt. 15.

Discovery motions are strongly disfavored. The district court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party resisting discovery has the burden of demonstrating why the discovery should not be allowed. *Blankenship v. Hearst Corp.*, 519 F.2d 419, 429 (9th Cir. 1975). Plaintiff's Motion requires the Court to determine whether Plaintiff should have to undergo a limited deposition while recovering from the incident giving rise to this lawsuit.

Plaintiff initiated this case on June 29, 2021, asserting Defendant is liable for injuries she sustained on May 23, 2021. Dkt. 1. In support of her Motion, Plaintiff submitted the report of Dr. David Knopes, Ph.D., Plaintiff's treating psychologist. Dkt. 16-9. Dr. Knopes states that Plaintiff is in the early stages of her treatment and is not stable. *Id*. He opines that "[h]er focus should be entirely upon her treatment and recovery and any legal or vocational meetings or requirements should be placed on hold for at least 90 days from [August 16, 2021.]" *Id*.

Since the date of the incident giving rise to this lawsuit, Plaintiff retained a lawyer, initiated this lawsuit, and began engaging in the legal process, including requesting discovery. *See* Dkt. 1, 19, 19-1. Relying on her statement from Dr. Knopes, Plaintiff now attempts to state she is not physically and mentally able to be questioned for one hour by opposing counsel. Based on Dr. Knopes statement, Plaintiff cannot focus on *any* legal meetings or requirements for at least 90 days. Dkt. 16-9. Plaintiff made the decision to initiate this lawsuit approximately one month after the incident and, thus, has exposed herself to participation in legal meetings and requirements. If Plaintiff is unable to engage in *any* legal meetings or requirements, as opined by

Dr. Knopes, it appears this case must be dismissed without prejudice until Plaintiff is able to participate.[5] However, if Plaintiff can proceed with this lawsuit, the Court finds Defendant's compromise of taking a minimally-invasive, one-hour deposition by Zoom and re-noting the remainder of the deposition for a later date is a reasonable accommodation in light of Plaintiff's medical concerns.

For these reasons, Plaintiff's Motion for a Protective Order (Dkt. 15) is denied. In light of the information provided to the Court, Plaintiff is directed to provide the Court with either (1) a written notice that the parties have agreed upon a date and time for the initial one-hour deposition, which must occur on or before October 6, 2021; or (2) a notice of dismissal without prejudice.

As Plaintiff provided some evidence that she is limited in her ability to participate in this lawsuit, the Court declines to award attorneys' fees to Defendant for responding to the Motion for a Protective Order.

### IV. Conclusion

For the above stated reasons, Defendant's Motion to Dismiss (Dkt. 9) is denied without prejudice with the right to re-file a motion to dismiss regarding Plaintiff's Amended Complaint and Plaintiff's Motion for a Protective Order (Dkt. 15) is denied.

On or before September 22, 2021, Plaintiff shall:

1. File the proposed amended complaint as the Amended Complaint; and

---

[5] The Court notes this case, including all discovery, could be stayed until Plaintiff is able to proceed. However, a stay would be disruptive as a trial date has been set by the Honorable James L. Robart, the District Judge assigned to this case. Further, there are no concerns related to the statute of limitations. Therefore, a stay would not be the preferred course of action in this case.

2. Provide this Court with either (1) a written notice that the parties have agreed upon a date and time for Plaintiff's initial one-hour deposition, which must occur on or before October 6, 2021; or (2) a notice of dismissal without prejudice.

Defendant shall file an answer or response to the Amended Complaint on or before October 6, 2021. *See* Fed. R. Civ. P. 15(a)(3).

If Plaintiff fails to file the Amended Complaint and comply with this Order by September 22, 2021, the Court will recommend this action be dismissed without prejudice.

Dated this 15th day of September, 2021.

_____
David W. Christel
United States Magistrate Judge